

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RAYMOND BROWN | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| HELEN FITZPATATRICK, et al. | : | NO. 15-2217 |

MEMORANDUM

O'NEILL, J.                                                               MAY 18, 2015

      Plaintiff Raymond Brown brings this action pursuant to 42 U.S.C. § 1983, against Helen Fitzpatrick (identified in the caption as Helen Fitzpatatrick), Joseph McGlynn, Frederick Buck, Thomas Fitzpatrick, Richard Crawford, Austin Fraser, Jason Potts, Lt. Bennis, Lt. David Van, and Lt. Michael Young. He seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant plaintiff leave to proceed *in forma pauperis* and dismiss his complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

I.     FACTS

      Ms. Fitzpatrick and Mr. McGlynn are Assistant District Attorneys who prosecuted several criminal cases against plaintiff in the Philadelphia Court of Common Pleas.[1] Plaintiff alleges that those defendants prosecuted criminal charges against him without probable cause and violated his right to a fair trial by proffering the false testimony of Buck and Fitzpatrick, Officers of the Philadelphia Police Department in the Swat Unit, and another individual. Plaintiff alleges that Buck and Fitzpatrick filed a false complaint with internal affairs "about discharge of [a]

---

[1] The complaint references several criminal cases in the Philadelphia Court of Common Pleas: CP-51-13921-2011; CP-51-13922-2011; CP-51-13923-2011; CP-51-13924-2011; CP-51-13925-2011; CP-51-13926-2011; CP-51-13927-2011; CP-51-13928-2011; CP-51-13929-2011; CP-51-13930-2011. The dockets for those cases reflect that plaintiff was acquitted in several, but not all, of those cases.

1

police fire arm" in addition to testifying falsely against him at trial. He further alleges that defendants Potts, Crawford, Fraser, and Bennis, who are also officers in the swat unit, failed to arrest and/or investigate Buck and Fitzpatrick in the wake of their behavior. Likewise, plaintiff contends that defendants Van and Young, officers in the Internal Affairs Division, failed to "take actions against the swat unit for making false reports on paper and to the courts under oath."

Based on those allegations, plaintiff initiated this action pursuant to 42 U.S.C. § 1983. He seeks a declaratory judgment that his rights have been violated, an injunction disbarring the prosecutors and removing the officers from their jobs, and punitive damages from all of the defendants except for the prosecutors.

## II.   STANDARD OF REVIEW

The Court grants plaintiff leave to proceed *in forma pauperis*. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). As plaintiff is proceeding *pro se*, the Court will construe his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III.   DISCUSSION

Plaintiff's claims against Crawford, Fraser, Potts, Bennis, Van, and Young fail because those defendants' failure to investigate the alleged constitutional violations of Buck and Fitzpatrick and/or their failure to arrest Buck and Fitzpatrick in the wake of their conduct does not establish

independent basis for a constitutional claim. *See Aruanno v. Fishman*, 443 F. App'x 679, 680-81 (3d Cir. 2011) (per curiam) ("[B]ecause Aruanno does not have a legally cognizable interest in compelling federal prosecutors to investigate or prosecute alleged violations of his rights, the complaint was properly dismissed for failure to state a claim upon which relief may be granted.") (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)); *Graw v. Fantasky*, 68 F. App'x 378, 383 (3d Cir. 2003) ("[A]n allegation of a failure to investigate, without another recognizable constitutional right, is not sufficient to sustain a section 1983 claim." (quotations omitted)). Plaintiff's request for declaratory relief also fails because declaratory judgment is unavailable "solely to adjudicate past conduct" or "to proclaim that one party is liable to another." *Corliss v O'Brien*, 200 F. App'x 80, 84 (3d Cir. 2006) (per curiam); *see also Andela v. Administrative Office of U.S. Courts*, 569 F. App'x 80, 83 (3d Cir. 2014) (per curiam). Likewise, plaintiff is not entitled to injunctive relief to remedy past violations of his rights. *See Blakeney v. Marisco*, 340 F. App'x 778, 780 (3d Cir. 2009) (per curiam) ("Even if defendants violated Blakeney's rights in the past as he alleges, he does not allege that he has any reason to believe that he might suffer such treatment in the future.") (citing *City of Los Angeles v. Lyons*, 461 U.S. 95, 101-110 (1983)). Finally, plaintiff's remaining claim for damages against Buck and Fitzpatrick are barred by absolute witness immunity. *Briscoe v. LaHue*, 460 U.S. 325, 326 (1983). In the event plaintiff also intended to bring a claim against the officers for their alleged filing of a false report to internal affairs, it is not clear how any report to internal affairs could have violated plaintiff's rights.

## IV.     CONCLUSION

For the foregoing reasons, plaintiff's complaint will be dismissed with prejudice for failure to state a claim. Plaintiff will not be permitted to file an amended complaint because amendment would be futile. An appropriate order follows.